1

2

3

4

5

6

7

8

9

10

DURIE TANGRI LLP
TIMOTHY C. SAULSBURY (SBN 281434)
tsaulsbury@durietangri.com
ADAM R. BRAUSA (SBN 298754)
abrausa@durietangri.com
VERA RANIERI (SBN 271594)
vranieri@durietangri.com
RAGHAV R. KRISHNAPRIYAN (SBN 273411)
rkrishnapriyan@durietangri.com
ERIC C. WIENER (SBN 325012)
ewiener@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendants
WIX.COM, LTD. and WIX.COM, INC.

11

IN THE UNITED STATES DISTRICT COURT

12

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

SAN FRANCISCO DIVISION

14

EXPRESS MOBILE, INC.,

Case No. 3:19-cv-06559-RS

15

Plaintiff,

**DEFENDANTS WIX.COM, LTD. AND WIX.COM, INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE* REEXAMINATIONS OF THE '397 AND '168 PATENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

16

v.

17

WIX.COM, LTD. and WIX.COM, INC.,

18

Defendants.

19

Date:    April 15, 2021
Time:    1:30 p.m.

20

Ctrm:    3-17th Floor
Judge:   Honorable Richard Seeborg

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO STAY

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 15, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 3, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Richard Seeborg, Defendants Wix.com, Ltd. and Wix.com, Inc. (collectively, "Defendants" or "Wix") will and hereby do move for a stay of the above-captioned action pending the completion of ongoing *ex parte* reexamination proceedings that have been instituted on asserted U.S. Patent Nos. 6,546,397 ("the '397 patent") and 7,594,168 ("the '168 patent").

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Adam R. Brausa included herewith, all pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and argument and evidence to be presented at or before the hearing on this motion.

Dated:  March 11, 2021

DURIE TANGRI LLP

By: _____ */s/ Adam R. Brausa*
ADAM R. BRAUSA

Attorneys for Defendants
WIX.COM, LTD. and WIX.COM, INC.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   PROCEDURAL HISTORY....................................................................................1

III.  LEGAL STANDARD.............................................................................................3

IV.  ARGUMENT ..........................................................................................................4

      A.     The Early Stage of Litigation Favors a Stay. ...........................................4

      B.     A Stay Will Likely Simplify the Issues in this Litigation........................5

      C.     A Stay Will Not Unduly Prejudice Express Mobile. ...............................8

V.    CONCLUSION.......................................................................................................9

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE*
REEXAMINATIONS; MEM. P. & A. IN SUPPORT THEREOF / CASE NO. 3:19-CV-06559-RS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. IXI IP, LLC,*
No. 19-cv-06769-HSG, 2021 WL 389214 (N.D. Cal. Jan. 26, 2021) .................................................5

*Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co.,*
129 F.3d 1247 (Fed. Cir. 1997).........................................................................................................5

*Conversant Wireless Licensing S.A.R.L. v. Apple Inc.,*
No. 15-cv-05007-RS, Slip Op. (N.D. Cal. June 15, 2016) ..................................................................7

*DSS Tech. Mgm't, Inc. v. Apple, Inc.,*
No. 14-cv-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) .................................................6

*Ethicon, Inc. v. Quigg,*
849 F.2d 1422 (Fed. Cir. 1988)..........................................................................................................3

*Evolutionary Intelligence, LLC v. Facebook Inc.,*
Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ..............................3

*Finjan, Inc. v. FireEye, Inc.,*
No. C 13-03133 SBA, 2014 WL 2465267 (N.D. Cal. June 2, 2014) ..............................................5, 7

*PersonalWeb Techs., LLC v. Facebook, Inc.,*
No. 13–cv–01356–EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .................................................5

*Pragmatus AV, LLC v. Facebook, Inc.,*
No. 11–cv–02168–EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ...............................................3

*Pragmatus AV, LLC v. Facebook, Inc.,*
No. 11-CV-00494-EJD, 2011 WL 4635512 (N.D. Cal. Oct. 5, 2011) .................................................8

*Pragmatus Telecom, LLC v. NETGEAR, Inc.,*
No. C 12-6198 SBA, 2013 WL 2051636 (N.D. Cal. May 14, 2013) ...................................................7

*Richtek Tech. Corp. v. UPI Semiconductor Corp.,*
No. C 09-05659 WHA, 2011 WL 445509 (N.D. Cal. Feb. 3, 2011) ...................................................6

*Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC,*
No. C-14-1575 EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014)................................................7, 8

*SMT Solutions, Inc. v. ExpoEvent Supply LLC,*
No. 11-6225(ES)(CLW), 2012 WL 3526830 (D.N.J. Aug. 15, 2012) ................................................7

*XpertUniverse, Inc. v. Cisco Sys., Inc.,*
No. 17-cv-03848-RS, 2018 WL 11276059 (N.D. Cal. July 13, 2018) .........................................5, 8, 9

*Yodlee, Inc. v. Ablaise Ltd.*,
   No. C-06-07222-SBA, 2009 WL 112857 (N.D. Cal. Jan. 16, 2009)......................................................6

**Statutes**

35 U.S.C. § 252...........................................................................................................................................5

35 U.S.C. § 305......................................................................................................................................3, 8

**Other Authorities**

37 C.F.R. § 1.530(j)....................................................................................................................................5

iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE*
REEXAMINATIONS; MEM. P. & A. IN SUPPORT THEREOF / CASE NO. 3:19-CV-06559-RS

## I.    INTRODUCTION

This Court recently issued an order requiring the parties in the lawsuits filed by Plaintiff Express Mobile, Inc. ("Express Mobile") to meet and confer to discuss how to streamline and consolidate claim construction proceedings.  ECF No. 106.  While Wix will of course follow the Court's order, Wix respectfully suggests that a more efficient approach would be to press pause on Express Mobile's serial litigations in this District entirely, until the Patent and Trademark Office ("PTO") completes its *ex parte* reexamination of two of the patents-in-suit, U.S. Patent Nos. 6,546,397 and 7,594,168 ("the '397 patent" and "the '168 patent").  At the end of last year, the PTO ordered reexamination of both patents based on substantial new questions of patentability that exist on all claims asserted against Wix.  Just days ago, the PTO issued its first rejection in the '168 patent reexamination proceedings and rejected claims 1–4 and 6 as obvious in view of the prior art.  In view of these recent developments, Wix respectfully requests that this case be stayed until the *ex parte* reexamination procedures being conducted by the PTO on both the '397 and '168 patents are complete.

The Court recently entered such a stay in the co-pending *X.Commerce* case, which was much further along than Express Mobile's case against Wix, with summary judgment motions fully briefed and trial to follow (when permitted in view of the ongoing COVID-19 pandemic).  While Express Mobile's case against Wix involves three additional patents that are currently not subject to review or reexamination proceedings at the PTO, a stay is still warranted because the case is at an early stage.  A stay will likely simplify the issues in this litigation and potentially prevent unnecessary expenditures on claim construction and fact discovery relating to the '397 and '168 patents.  Furthermore, Express Mobile will suffer no prejudice from a stay.  Express Mobile does not compete with any of the entities it sued, and as the Court is aware, Express Mobile has consciously decided to stagger its litigation efforts over a roughly six-year period, starting with its first lawsuit in 2015.  Thus, even though Express Mobile's case against Wix involves patents that are not subject to *ex parte* reexamination, the relevant legal factors and supporting facts still weigh in favor of a stay.

## II.    PROCEDURAL HISTORY

Express Mobile accuses Wix of infringing claims of five different patents:  (1) claims 1–6, 9, 11–15, 19, 23, and 37 of the '397 patent, which issued on April 8, 2003; (2) claims 1–4 and 6 of the '168

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE* REEXAMINATIONS; MEM. P. & A. IN SUPPORT THEREOF / CASE NO. 3:19-CV-06559-RS

patent, which issued on September 22, 2009; (3) claims 1, 3, 5, 6, 11, 12, 14, 16–18, and 22 of U.S. Patent No. 9,063,755 ("the '755 patent"), which issued on June 23, 2015; (4) claims 1, 3, 5–7, 12, and 13 of U.S. Patent No. 9,471,287 ("the '287 patent"), which issued on October 18, 2016; and (5) claims 1, 3, 5–7, 11–13, 15, 17, 19–21, and 25–27 of U.S. Patent No. 9,928,044 ("the '044 patent"), which issued on March 27, 2018.  Declaration of Adam R. Brausa in Support of Defendants' Motion to Stay ("Brausa Decl.") ¶ 11.

Wix was founded in 2006 and has been in continuous operation since then as a leading provider of website builder services and related products.  Wix achieved one million users in 2009, IPOed on NASDAQ in 2013, grew to 50 million users by 2015, and by 2019, had approximately 150 million users. *See* Brausa Decl., Ex. 1 (Wix Website).[1]

Express Mobile does not provide any products or services that embody the claims of any of the patents-in-suit, but began suing companies on the '397 and '168 patents in 2015.  Since then, Express Mobile has been involved in over 100 lawsuits, including over 30 in this District.  Currently, in addition to its case against Wix and the stayed litigation with X.Commerce, Express Mobile also has pending litigations in this District against Dropbox, SAP, Booking.com, Salesforce, Amazon, Adobe, Microsoft, Oath Holdings, and Pinterest.[2]

Express Mobile waited until October 2019 to sue Wix and waited another year to sue the other entities.  All of these cases are in the early stages, and on March 9, 2021, the Court vacated all initial Case Management Conferences and entered an order requiring the parties in all pending litigations with Express Mobile (except for *X.Commerce*) to submit a joint statement by April 23, 2021 that proposes a consolidated briefing schedule and hearing dates for claim construction.  ECF No. 106.

In the Wix matter specifically, the parties have only exchanged limited written discovery, produced documents, and served contentions in accordance with the local patent rules.  Brausa Decl. ¶ 10.  To date, no depositions have been taken.  *Id.*  The parties engaged in claim construction exchanges set forth in the local rules and claim construction briefing was completed on March 5, 2020 addressing

---

[1] All exhibit references herein are to exhibits to the concurrently-filed Declaration of Adam R. Brausa.

[2] The reexamination proceedings appear to also cover all of the claims of the '168 and/or '397 patents currently asserted against these entities.

the ten most important terms, six of which were from the '397 and '168 patents.  *See* ECF No. 91 at 2–3.
Pursuant to the Court's March 9, 2021 order, theses briefs are superseded and both parties will need to
re-brief claim construction as part of the consolidated approach.  ECF No. 106 at 2 n.2.

While the claim construction exchanges between Wix and Express Mobile were ongoing, on
September 25, 2020, a request for *ex parte* reexamination of claims 1–6 of the '168 patent was filed by a
third party, Unified Patents.  Ex. 2.  On October 28, 2020, the PTO granted the request and stated that
pursuant to 35 U.S.C. § 305, the reexamination proceeding "will be conducted with special dispatch."
Ex. 3 at 7.  On March 3, 2021, the PTO issued a first office action allowing claim 5 (which is not asserted
against Wix), but rejecting asserted claims 1–4 and 6 on obviousness grounds.  Ex. 4.  Absent a request
for an extension, Express Mobile has two months to respond.

On November 25, 2020, Unified Patents also filed a request for *ex parte* reexamination of claims
1–6, 8–15, 17, 19, 20, 23–25, 35 and 37 of the '397 patent, which encompasses all claims asserted
against Wix.  Ex. 5.  On December 18, 2020, the PTO granted the request and again stated that the
proceeding "will be conducted with special dispatch."  Ex. 6 at 10.  A first office action has not yet
issued in this proceeding, but is expected in the upcoming weeks.

### III.    LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority
to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–
27 (Fed. Cir. 1988) (internal citation omitted).  There is "a liberal policy in favor of granting motions to
stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus
AV, LLC v. Facebook, Inc.*, No. 11–cv–02168–EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011)
(citation omitted).  Courts in this District consider three primary factors when deciding whether to stay
litigation pending PTAB review: "(1) whether discovery is complete and whether a trial date has been set;
(2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would
unduly prejudice or present a clear tactical disadvantage to the non-moving party." *See Evolutionary
Intelligence, LLC v. Facebook Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837, at *3 (N.D. Cal.
Jan. 23, 2014).  Here, all three factors weigh in favor of a stay.

## IV.    ARGUMENT

All three factors weigh in favor of a stay.  This case is still in its early stages, with significant discovery remaining and no trial date currently set.  The results of the reexamination proceedings would likely simplify the issues in this litigation, by potentially eliminating two of the five patents-in-suit entirely.  And even if the stay is extended to cover all five patents-in-suit and this does not happen, Express Mobile will suffer no undue prejudice or a clear tactical disadvantage, since it is a non-practicing entity that does not compete with any of the parties it has sued, including Wix.  Accordingly, even though not all five patents-in-suit are currently subject to reexamination or review at the PTO, all of the relevant factors weigh in favor of a stay of this litigation pending completion of the reexaminations on the '168 and '397 patents.

### A.    The Early Stage of Litigation Favors a Stay.

This case was filed in October 2019, but remains in its early stages, in part due to a disqualification motion brought by Express Mobile, in part due to the COVID-19 pandemic, and in part due to the fact that Express Mobile sued additional defendants in late 2020/early 2021 in this District, which has caused claim construction in this case to be delayed while all of the parties discuss a consolidated procedure.[3]

Fact discovery has begun, but is far from complete, and expert discovery has not yet begun. While some documents have been produced and written discovery has been served, no depositions have been taken.  Brausa Decl. ¶ 10.  Furthermore, no claim construction hearing date has been set, nor has any trial date been proposed.  Given these facts, the stage-of-case factor supports a stay, because "a

---

[3] Around the same time that Express Mobile sued these additional entities in this District, it filed several lawsuits in the Western District of Texas against Expedia Group in *Express Mobile, Inc. v. Expedia Group, Inc.*, No. 6:20-cv-00801-ADA (W.D. Tex.); eBay in *Express Mobile, Inc. v. eBay Inc.*, No. 6:20-cv-00802-ADA (W.D. Tex.); Facebook in *Express Mobile, Inc. v. Facebook Inc.*, No. 6:20-cv-00803-ADA (W.D. Tex.); Google in *Express Mobile, Inc. v. Google LLC*, No. 6:20-cv-00804-ADA (W.D. Tex.); Atlassian in *Express Mobile, Inc. v. Atlassian Corp. Plc*, No. 6:20-cv-00805-ADA (W.D. Tex.); and Dropbox, Inc. in *Express Mobile, Inc. v. Dropbox, Inc.*, No. 6:20-cv-00806-ADA (W.D. Tex.).  Express Mobile voluntarily dismissed its Complaint against Dropbox in W.D. Tex., only to refile here on February 16, 2021, No. 3:21-cv-01145 (N.D. Cal.).  Expedia Group, eBay, Facebook, Google, and Atlassian have all filed motions to transfer to this District, and briefing on those motions is in progress.  If any of those motions are granted, it will further complicate efforts to consolidate claim construction proceedings among the numerous cases filed by Express Mobile.

4

substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13–cv–01356–EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014).  In cases that are approximately as far along as this one, courts in this District have consistently concluded that the early stage of the case weighs in favor of a stay.  *See, e.g.*, *Apple Inc. v. IXI IP, LLC*, No. 19-cv-06769-HSG, 2021 WL 389214, at *2 (N.D. Cal. Jan. 26, 2021) (finding stage-of-case factor weighs in favor of a stay pending complete of *ex parte* reexamination where "no discovery, dispositive motion, pretrial, or trial deadlines have been set" and "[c]laim construction briefing, though underway, is not complete"); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848-RS, 2018 WL 11276059, at *2 (N.D. Cal. July 13, 2018) (holding that stage-of-case factor weighed in favor of a stay where "claim construction has yet to take place, discovery is not closed, and no trial date has been set"); *Finjan, Inc. v. FireEye, Inc.*, No. C 13-03133 SBA, 2014 WL 2465267, at *1 (N.D. Cal. June 2, 2014) (finding the early stage of the case favored a stay "when there has been limited discovery, no substantive proceedings have taken place, and no pretrial or trial deadlines have been established").

Here, significant fact discovery remains to be completed, expert discovery must be taken, claim construction issues must be briefed and decided, dispositive motions must be briefed and decided, and then, if any issues remain, a jury trial must occur.  A substantial portion of the work in this case lies ahead and therefore, the relatively early stage of this litigation weighs in favor of a stay.

**B.**    **A Stay Will Likely Simplify the Issues in this Litigation.**

Every claim of the '168 and '397 patents that Express Mobile asserts against Wix is subject to reexamination proceedings.  If all the claims are cancelled, the case will be significantly narrowed.  If some are canceled, the case will still have been simplified.  And if some of the claims are amended, that may simplify or change various issues relating non-infringement, invalidity, and damages.[4]  Even if none of the asserted claims are amended or cancelled, the issues in the litigation will still be simplified by having the benefit of the PTO's reexamination decision and its analysis of the claims in view of the cited prior art.  The most recent statistics from the PTO for reexaminations requested by third parties like

---

[4] The '397 patent expired in December 2019, so its claims cannot be amended.  37 C.F.R. § 1.530(j).  The '168 patent expires in December 2022, so if any claims are amended, damages on these amended claims would only be available for the window between issuance of the amended claims and expiry.  *See* 35 U.S.C. § 252; *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997).

1    Unified Patents indicates that there is a 79% chance the challenged claims will be amended or cancelled

2    and only a 21% chance that all the claims will be upheld.  Ex. 7 (*Ex Parte* Reexamination Filing Data –

3    September 30, 2019) at 2.  Thus, it is very likely that there will be some change in the landscape of the

4    asserted claims of the '168 and '397 patents as a result of the reexamination proceedings.  Moreover,

5    "[e]ven if none of the asserted claims are cancelled or amended, this action will be shaped by the richer

6    prosecution history available to inform the claim construction process."  *Richtek Tech. Corp. v. UPI*

7    *Semiconductor Corp.*, No. C 09-05659 WHA, 2011 WL 445509, at *3 (N.D. Cal. Feb. 3, 2011).

8         Absent a stay, the parties may engage in fact discovery, claim construction, expert reports,

9    depositions, and potentially dispositive motions that may prove to be unnecessary to a large extent, and

10   may need to be redone if claims are amended.  In contrast, a stay to allow the PTO to complete its

11   reexamination of the '397 and '168 patents "means that the Court and the parties will not need to waste

12   their efforts, attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the

13   patent reexamination process and the expertise of its officers, and everyone will benefit from the

14   certainty afforded by the reexamination."  *Yodlee, Inc. v. Ablaise Ltd.*, No. C-06-07222-SBA, 2009 WL

15   112857, at *6 (N.D. Cal. Jan. 16, 2009) (internal quotations omitted).

16        While Wix recognizes that this case differs to some extent from the recently-stayed *X.Commerce*

17   litigation, because Wix involves three patents (the '755, '287, and '044 patents) that are not subject to

18   reexamination, the "standard is simplification of the district court case, not complete elimination of

19   it . . . ."  *DSS Tech. Mgm't, Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *3 (N.D.

20   Cal. May 1, 2015).  Here, even though the claims of the '755, '287, and '044 patents will not be affected

21   directly by the reexamination of the '397 and '168 patents, a complete stay of litigation is warranted,

22   because all five of the patents-in-suit share a common inventor, Steven Rempell (the former CEO of

23   Express Mobile), and describe overlapping technology.  Indeed, the specification of the '755 patent

24   (which is shared by the '287 and '044 patents), explicitly incorporates the '397 patent (which shares a

25   common specification with the '168 patent) by reference in its entirety and discusses how embodiments

26

27

28

6

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE*
REEXAMINATIONS; MEM. P. & A. IN SUPPORT THEREOF / CASE NO. 3:19-CV-06559-RS

from the '397 patent can be utilized as part of embodiments described in the '755 patent.[5] *See* '755

patent at 6:64–7:29, 21:60–63, 28:36–48, 29:27–50, 35:4–5.  Reflecting this overlap, the same Wix

products are accused of infringing all five patents-in-suit.

In such circumstances, "[w]hen there are overlapping issues between the reexamined patents and

other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted."

*Finjan*, 2014 WL 2465267, at *4; *Pragmatus Telecom, LLC v. NETGEAR, Inc.*, No. C 12-6198 SBA,

2013 WL 2051636, at *2 (N.D. Cal. May 14, 2013) (staying entire case, even though not all patents-in-

suit were subject to reexamination, because "a stay request is not contingent upon the reexamination

proceeding being coterminous and resolving every claim and issue" in the underlying litigation); *SMT*

*Solutions, Inc. v. ExpoEvent Supply LLC*, No. 11-6225(ES)(CLW), 2012 WL 3526830, at *4 (D.N.J.

Aug. 15, 2012) (finding that a stay of litigation was likely to simplify issues, even though not all of the

patents-in-suit were subject to reexamination, where all of the "the patents-in-suit substantially overlap");

*see also Conversant Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 15-cv-05007-RS, Slip Op. at 2 (N.D.

Cal. June 15, 2016) (staying entire litigation even though one of the patents-in-suit was not subject to

*inter partes* review where there was "overlap in the products accused of infringing all of the patents" and

it seemed "inevitable there would be other aspects of discovery—and ultimately trial—that would be

duplicated if the patents were litigated separately"); *Robert Bosch Healthcare Systems, Inc. v.*

*Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *5 (N.D. Cal. July 3, 2014) (staying entire

case pending resolution of IPR proceedings on some, but not all asserted patents, and concluding that

"the patents-in-suit are sufficiently related such that judicial economy would not be served" by

continuing to litigate the patents not subject to IPR).

---

[5] Additionally, Express Mobile's damages analysis in other cases suggests that it considers the '397 and '168 patents to be far more important than the '755, '287, and '044 patents.  In the case involving Shopify, currently pending in the District of Delaware, Express Mobile's technical expert opined that technical importance of the '397 and '168 patents (referred to as the "Web Design" patents) represented 55% of the overall features in Shopify's platform, whereas the '755, '287, and '044 patents (referred to as the "Web Component" patents) were given an importance of only 15%.  *See Shopify Inc. v. Express Mobile, Inc.*, No. 1:19-cv-00439-RGA (D. Del.), ECF No. 219 at 43.  Express Mobile's damages expert then used these percentages to be an apportionment of profits attributable to the patents.  *Id*. at 44–45.

1        If this case were only stayed as to the '397 and '168 patents, but allowed to proceed for the '755,

2  '287, and '044 patents, then there would be multiple discovery periods, claim construction proceedings,

3  and depositions of the same persons, despite the significant overlap in issues across the five patents-in-

4  suit. *See id.* Staying the entire case, however, will streamline the issues and serve judicial efficiency,

5  while at the same time simplifying issues before this Court with respect to the '397 and '168 patents.

6  Accordingly, this factor weighs in favor of a complete stay of this litigation.

7       **C.**    **A Stay Will Not Unduly Prejudice Express Mobile.**

8        Express Mobile will suffer no undue prejudice from a stay. Indeed, it waited until October 2019

9  to sue Wix, despite the fact that Wix has been continuously operating since 2006 and despite the fact that

10  all of the patents-in-suit had issued by 2018. Indeed, Wix is just one of many defendants currently being

11  subjected to Express Mobile's litigation campaign, which began in 2015 and has now extended into

12  2021, with a Complaint filed against Dropbox in this District on February 16, 2021. And recently,

13  Express Mobile argued that instead of staying the case against X.Commerce entirely, which is in

14  advanced stages, it should instead just be slowed down significantly, via consolidation with Express

15  Mobile's more recent filing against Adobe. *X.Commerce, Inc. v. Express Mobile, Inc.*, No. 3:17-cv-

16  02605-RS, ECF No. 251 (N.D. Cal. Feb. 21, 2021). In short, Express Mobile is in no hurry.

17        Express Mobile's lack of urgency reflects the fact that it does not sell products embodying any of

18  the patents-in-suit, and it has not suggested that it competes with Wix in any way. Indeed, Express

19  Mobile has granted numerous licenses to the patents-in-suit and thus it "cannot be prejudiced by a stay

20  because monetary damages provide adequate redress for infringement." *Pragmatus AV, LLC v.*

21  *Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *3 (N.D. Cal. Oct. 5, 2011); *see also*

22  *XpertUniverse*, 2018 WL 11276059, at *3 (holding that lack of competition between the parties weighs

23  against a finding of undue prejudice from a stay). Furthermore, it is unlikely that the length of the stay

24  here will be significant, given that both reexaminations are being conducted under 35 U.S.C. § 305, with

25  "special dispatch." Ex. 3 at 9; Ex. 6 at 13. And recent statistics from the PTO indicate that *ex parte*

26  reexaminations are being conducted more quickly than in the past, with average time from the filing of a

27  request to the conclusion of the proceeding being under 16 months. Ex. 8 (Reexaminations – FY 2020)

28  at 2. Express Mobile may argue that *any* delay constitutes prejudice to expedient resolution of its

1    infringement claims, but "mere delay in litigation does not by itself demonstrate undue prejudice."

2    *XpertUniverse, Inc.*, 2018 WL 11276059, at *3.

3          Additionally, the timing of this motion does not suggest any dilatory tactics by Wix.  *Id.*  Both

4    reexamination requests were granted late last year, and Wix promptly moved to stay once the PTO issued

5    a first office action in the '168 patent reexamination on March 3, 2021.  Because Express Mobile will not

6    suffer any actual prejudice or tactical disadvantage if this case is stayed pending resolution of the *ex*

7    *parte* reexaminations regarding the '397 and '168 patents, this factor weighs in favor of a stay as well.

8    **V.    CONCLUSION**

9          For the reasons stated above, Wix respectfully requests that the Court stay this case until such

10   time as the proceedings in the *ex parte* reexaminations directed to the '397 and '168 patents are

11   complete.

12

13   Dated:  March 11, 2021                                        DURIE TANGRI LLP

14

15                                            By:_____*/s/ Adam R. Brausa*_____
                                                             ADAM R. BRAUSA

16                                            Attorneys for Defendants
                                              WIX.COM, LTD. and WIX.COM, INC.
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE*
REEXAMINATIONS; MEM. P. & A. IN SUPPORT THEREOF / CASE NO. 3:19-CV-06559-RS

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on March 11, 2021 the within document was filed with the Clerk of the Court

3

using CM/ECF which will send notification of such filing to the attorneys of record in this case.

4

5

*/s/ Adam R. Brausa*
ADAM R. BRAUSA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *EX PARTE*
REEXAMINATIONS; MEM. P. & A. IN SUPPORT THEREOF / CASE NO. 3:19-CV-06559-RS