August 3, 2021

**VIA ECF**

Honorable Donna M. Ryu
United States Magistrate Judge
Unites States District Court, Northern District of California
1301 Clay Street, Oakland, CA 94612

    Re:  *Express Mobile, Inc. v. Wix.com Ltd and Wix.com, Inc.* No. 3:19-cv-06559-RS

Dear Judge Ryu:

Pursuant to the Court's Order (D.I. 75), Plaintiff Express Mobile, Inc. ("Plaintiff" or "Express Mobile" or "XMO") and Defendants Wix.com, Ltd. and Wix.com Inc. ("Defendants" or "Wix") respectfully submit this joint letter regarding a discovery dispute.

## Relevant Case Management Deadlines

Pursuant to paragraph 14 of Your Honor's Standing Order and D.I. 75, the parties provide the following relevant case management deadlines: 1) Fact and expert discovery cut-off: none set (D.I. 71);  2) Dispositive motion deadline: none set (D.I. 71); 3) Claim construction hearing: December 8, 2021 (D.I. 120); and 4) Pretrial conference and trial date: none set (D.I. 71).

## Wix's Position

Wix seeks an order compelling XMO to produce negotiation communications and litigation documents (including infringement contentions) leading to 9 agreements in which XMO licensed the Asserted Patents.[1] XMO has licensed these patents around 60 times, including to companies offering website building platforms like the one offered by Wix. These license agreements are highly probative to damages as they are evidence of the economic terms on which the plaintiff, XMO, is willing to grant licenses (including to Wix's competitors) to the Asserted Patents.

XMO refuses the requested discovery, claiming the agreements are not economically comparable to a hypothetical negotiation with Wix. XMO's basis for this contention is that some of these agreements were entered into in the context of litigation. However, XMO refuses to produce the very documents that would reveal whether any given license is probative. Wix need not rely on XMO's characterization of the negotiations or the agreements, and is entitled to the documents in XMO's possession that may confirm that these licenses are indeed economically comparable for the purposes of evaluating damages.

License agreements that arise in the context of litigation can be admissible and probative of reasonable royalty damages in a subsequent litigation. *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010). As the Federal Circuit explained, "a settlement involving the patented technology can be probative of the technology's value if that value was at issue in the earlier case" because "such a settlement can reflect the assessment by interested and adversarial parties of the range of plausible litigation outcomes on the very issue of valuation." *Prism Techs. LLC v. Sprint Spectrum LP*, 849 F.3d 1360, 1369 (Fed. Cir. 2017). The Court explained that what "is needed for assessing the probativeness and prejudice components of the Rule 403 balance, then, is consideration of various aspects . . . of the particular litigation settlements" at issue. *Id.* at 1370.

With this guidance in mind, Wix sought discovery from XMO to conduct the settlement-specific inquiry described in *Prism Techs*, seeking documents from previous litigations that would shed light on the claims and defenses raised in those cases, economic information relating to the

---

[1] Wix sought production of these materials for all approximately 60 agreements, however it has narrowed its request in an effort to compromise and minimize the burden on Express Mobile.

products accused of infringement, and other information that would determine whether or not the ensuing settlements reflected the value of the licensed patents. Ex. A, RFP No. 6. Wix also sought negotiation communications leading up to each of the agreements in which Express Mobile granted licenses to the Asserted Patents, Ex. A, RFP No. 8, which would reveal how the parties viewed the risks associated with litigation, as well as the value of the licensed technology. XMO refused these requests, refusing to produce infringement contentions, Ex. A, Response to RFP No. 6, or documents that are "subject to a protective order or an obligation of confidentiality to a third party." *Id.* Response to RFP Nos. 6, 8 & 9. In subsequent meet and confers, XMO has made clear it is standing on this limitation and is refusing, for example, to produce any additional responsive documents. XMO has not articulated why producing these materials under the protections of Protective Order in this matter would not resolve its confidentiality concerns.

In an effort to compromise, Wix offered to narrow the scope of its requests to negotiation communications and litigation documents relating to 9 settlement agreements in which XMO licensed the Asserted Patents to platform providers like Wix. These agreements are highly likely to be economically comparable, and their outcomes (through which Wix's competitors received licenses to the Asserted Patents) are likely to bear on the outcome of a hypothetical negotiation with Wix. XMO refused this compromise, despite having produced such documents for a few agreements to resolve discovery disputes in previous litigations—demonstrating the reasonableness of the scope of Wix's request. XMO has not represented how burdensome this discovery would be (the 50,000 emails it identifies relate to the larger set of 60 agreements). XMO does not dispute that the sought after documents in electronic form and can be readily searched and produced; rather, it refuses to run the relevant searches on the relevant negotiating custodians.

Courts have ordered the production of settlement negotiations where they are likely to be relevant to damages issues. *See, e.g.*, *In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) (negotiation privilege does not apply, denying writ of mandamus regarding settlement negotiations order); *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 6697660, at *4 (N.D. Cal. Dec. 23, 2012) (settlement drafts "and communications are relevant to potential damages in this case," and ordering production of such documents); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 903259, at *2 (E.D. Tex. Mar. 4, 2010) (explaining that if settlement agreements are admitted "discovery on the negotiations surrounding those licenses" is appropriate). Wix is entitled to the requested discovery for the same reasons set forth in these cases. Express Mobile's licensing negotiations with platform providers similarly situated to Wix are directly relevant to damages and will allow Wix to meaningfully test XMO's assertion that *none* of these licenses are comparable to a hypothetical license to Wix.

As justification for its refusal to produce these highly relevant documents, XMO cites Judge Andrew's decision to deny Shopify's motion to compel negotiations in *Shopify Inc. and Shopify (USA) v. Express Mobile, Inc.*, Case No. 19-439-RGA (D. Del.). But the dispute there was very different. That motion was brought at the close of fact discovery and sought to compel all licensing negotiations involving Express Mobile. In contrast, Wix brings this motion early in discovery and the motion is limited to just 9 settlements. The result in *Shopify* does not justify XMO's refusal here—where the court has yet to set a fact discovery deadline, and where Wix seeks negotiations for just 9 licenses.

XMO asserts there is a "heightened standard" for obtaining settlement communications, based on *Uniloc USA, Inc. v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD) (N.D. Cal. Aug. 13, 2020). The citation is actually to a joint stipulation drafted by the parties that was subsequently entered by the Court.[2] The stipulation references *In re MSTG, Inc.*, 675 F.3d at 1348, in which the Federal Circuit acknowledged that some courts require "heightened showings for discovery of settlement negotiations." But this Court is not one of them. *See Barnes & Noble* 2012 WL 6697660, at *2 ("Defendants argue that the Federal Circuit's opinion in [*In re MTSG*] requires . . . a heightened showing to get draft licenses and licensing communications. It does not."). Even if a heightened standard were applied here, Wix would satisfy it, because it has a special need for the discovery in view of XMO's blanket claim of non-comparability, it is unfair for XMO to maintain this claim while at the same time blocking discovery, and the need for this evidence outweighs any interest in confidentiality (for which XMO has made no particularized showing).

<u>Wix's proposed compromise</u>: XMO shall search for and produce, no later than one month from now, (1) litigation documents (including infringement contentions) and (2) negotiation communications relating to the agreements with the parties Wix identified by letter to XMO.

## Express Mobile's Position

Wix seeks irrelevant and unduly burdensome discovery, which is contrary to established law. In fact, its counsel demanded these exact same materials and was repeatedly rejected by Judge Andrews in the District of Delaware. *See Express Mobile, Inc. v. Shopify Inc.*, No. 19-439-RGA (D. Del.) (D.I. 240 (discovery letter seeking license negotiations admitting that prior motion for license negotiations was denied) and 12/14/2021 minute entry denying same. Wix also seeks its competitors' highly confidential attorneys' eyes only source code and other information that XMO cannot produce pursuant to numerous protective orders in other courts. This request was also specifically rejected by Judge Andrews. *Shopify*, D.I. 62.[3]

The present motion is nothing more than a fishing expedition, demanding that XMO's outside counsel search its email and other files for settlement communications. To be clear, XMO has already produced the approximately 60 settlement agreements that it has entered and other

---

[2] The additional cases cited by XMO are distinguishable. *Deluxe Building Sys., Inc. v. Constructamax, Inc.*, No. 6-2996, 2016 WL 10572481, at *1, considered a request to re-open fact discovery; *Mycone Dental Supply Co. Inc. v. Creative Nail Design Inc.*, No. 12-747, 2014 WL 309695, at *2 (N.D. Cal. Jan 28, 2014), denied a request at an "advanced stage in the litigation" for "additional detailed financial data;" and the court in *Pfizer v. Mylan*, No. 8-2137, 2012 WL 13034382, at *2 (D.N.J. Jan. 4, 2012) acknowledged that "other Courts have compelled the production" of settlement negotiations.

[3] Wix attempts to distinguish Judge Andrews' rejection of all of its arguments again here based on the alleged timing of the motions in *Shopify*. However, those decisions turned on the improper and not relevant nature of the requests, not timing. For example, the request for "litigation materials" was made and rejected early in the case and not at the close of fact discovery as asserted by Wix. D.I. 62.

related materials.[4][5] XMO did so despite the fact that settlement agreements are not relevant absent exceptional circumstances pursuant to well-established Federal Circuit precedent because they are entered into in the "coercive environment of patent litigation" and "are unsuitable to prove a reasonable royalty." *See, e.g., LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F. 3d 51, 77-78 (Fed. Cir. 2012). Wix relies on the exception under *ResQNet.com*, that "a settlement agreement may be admissible when 'the most reliable license in [the] record [is one that] arose out of litigation'." *See Sentius Int'l, LLC v. Microsoft Corp.*, No. 5:13-CV-00825-PSG, 2015 WL 451950, at *3 (N.D. Cal. Jan. 27, 2015) (quoting *ResQNet.com*). Wix does not assert that any of these licenses are the "most reliable" in the record. Nor can it as XMO has produced, for example and without admitting its comparability, an agreement relating to the purchase of asserted patents, which is untainted by the settlement context. XMO_WIX00255215-XMO_WIX00255218. Therefore, the agreements themselves (much less settlement communications) are not relevant or admissible.

Wix also fails to meet the heightened standard for discovery of settlement communications. *See Uniloc United States v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD), D.I. 146 (August 14, 2020) (requiring heightened standard of "(1) a showing of a special need for the material; (2) a resulting unfairness from not getting the discovery; and (3) that the need for the sought discovery outweighs the confidentiality interest."). Wix vaguely asserts that it meets this standard, but it clearly has not in view of the lack of meeting the *ResQNet.com* standard for the reasons above.

Instead Wix merely speculates that discovery of settlement negotiations "may" lead to relevant information. Wix's speculation cannot meet its burden and its motion should be denied for this reason alone. *See Pfizer v. Mylan*, No. CV082137DMCJAD, 2012 WL 13034382, at *2 (D.N.J. Jan. 4, 2012) (rejecting "tenuous'" showing of likelihood of admissibility as outweighed by chilling effect of producing settlement communications); *Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, No. CV 06-2996 (MCA), 2016 WL 10572481, at *2 (D.N.J. May 16, 2016) (rejecting mere speculation as to settlement communications where agreement itself was available); *Shopify*, D.I. 240 and 12/14/2021 minute entry denying same. Wix's speculative fishing expedition for settlement negotiations should be denied. *See Uniloc*, D.I. 146 (denying discovery of settlement negotiations).

Wix's request is also highly burdensome and not proportional because it seeks files from litigation counsel, who handled the negotiations on XMO's behalf. *See Mycone Dental Supply Co Inc v. Creative Nail Design Inc.*, No. C-12-00747-RS (DMR), 2014 WL 309695, at *2 (N.D. Cal. Jan. 28, 2014) (denying discovery where "the burden of obtaining the information sought outweighs its likely benefit"). Specifically, XMO's counsel involved in the underlying

---

[4] Express Mobile's limited agreement to produce some settlement negotiations in *Express Mobile v. Svanaco* does not establish a basis for the discovery Wix now seeks. *Svanaco* was one of the earliest cases and Express Mobile has since filed approximately 50 additional cases.

[5] In addition, XMO has applied search terms and produced resulting custodial documents at Wix's request. Those production documents include documents hitting on simple text searches for the 9 entities specifically identified by Wix in the instant dispute. Despite that significant production, Wix has not identified any particular production document allegedly relevant to damages that suggests a need for the discovery it now requests.

negotiations previously represented to the prior court faced with this issue that outside counsel has "over 50,000 emails relating to more than five years of Express Mobile litigation" and that discovery of those emails would involve a massive privilege review effort. *See Shopify*, D.I. 171 at 3. Wix's offer to seek discovery as to 9 entities does not obviate the burden associated with searching outside counsel files, particularly in view of likely extensive privilege obligations. Tellingly, Wix's counsel in the present case was involved in at least one of the requested settlement negotiations, yet they have not produced or offered to produce ***their files*** relating to those negotiations. Judge Andrews ultimately ultimately denied discovery of Express Mobile's settlement negotiations twice. *See Shopify*, D.I. 240 and 12/14/2021 minute entry denying same.

Wix's cited legal authority is inapplicable here. *Prism Techs.* did not involve settlement negotiations at all. 849 F.3d at 1370-1371. Similarly, *MSTG* concerned only whether the Federal Circuit would adopt a "settlement privilege" under Fed. R. Evid. 501, and declined to address limits on "discovery of settlement negotiations." 675 F. 3d at 1347. *Barnes & Noble, Inc.* was specifically directed to ***license*** drafts, not broadly seeking all ***settlement*** communications, and involved a prior court order requiring production of such license drafts. 2012 WL 6697660, at *2. *DataTreasury* involved a representation from the non-movant that they could "promptly provide the appropriate discovery." 2010 WL 903259, at *2. The facts of those cases simply do not apply here.

Given the general rule against settlement agreements, the heightened standard for discovery of settlement negotiations, the highly burdensome request for counsel's files, the completely speculative and unsupported nature of Wix's request and that this very request has been rejected multiple times, Wix's request should again be denied here. *See LaserDynamics,* 694 F. 3d at 77-78*; Uniloc,* D.I. 146; *Shopify*, D.I. 240 and 12/14/2021 minute entry denying same.

Wix also improperly seeks discovery of highly confidential litigation documents from other cases, including infringement and damages related materials. Wix misrepresents the record and XMO's position, including that Express Mobile has produced numerous documents relating to prior litigations in this case. Express Mobile has produced over 2,000 litigation documents, including invalidity contentions, non-confidential infringement contentions and substantial other documents. Express Mobile has not produced **Highly Confidential** infringement and damages related litigation documents because those materials are governed by other protective orders and include Wix's competitors' highly confidential materials. This is exactly why Judge Andrews' rejected this same request in the Shopify case. *See Shopify*, D.I. 62. Specifically, Judge Andrews denied discovery of infringement contentions and limited other litigation documents to invalidity-related materials, explaining that the infringement request was "too broad to grant given that infringement discovery from other cases is going to involve other parties' confidential information subject to protective orders." *Id*. There is no basis to depart from that holding here.

<u>Express Mobile's proposed compromise:</u>  Express Mobile is not required to search for or produce additional litigation documents or negotiation communications.

## Attestation

The undersigned certify the parties conferred by telephone on July 27 on these issues.

DATED: August 3, 2021                     STEPTOE & JOHNSON, LLP

                                                                         By:     */s/ Katherine H. Johnson*
                                                                               Jamie Lucia
                                                                               James R. Nuttall
                                                                               Michael Dockterman
                                                                               Katherine H. Johnson
                                                                               Robert F. Kappers
                                                                               Christopher A. Suarez
                                                                               Tron Fu

                                                                               *Attorneys for Plaintiff Express Mobile, Inc.*

DATED: August 3, 2021                     DURIE TANGRI LLP

                                                                          By:     */s/ Eric C. Wiener*
                                                                               Timothy Saulsbury
                                                                               Adam R. Brausa
                                                                               Vera Ranieri
                                                                               Raghav R. Krishnapriyan
                                                                               Eric C. Wiener

                                                                               *Attorneys for Defendants Wix.com, Ltd. and Wix.com Inc.*

## Signature Attestation

      Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

                                                                               By: */s/ Eric C. Wiener*
                                                                                  Eric C. Wiener